United States District Court
Southern District of Indiana
Indianapolis Division

**FILED**
02/02/2024
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

Dustin T. Chadwick, )
    Plaintiff(s), )
)
)
v. ) Cause No. 1:24-cv-00234-SEB-TAB
)
)
Zane Hennig, )
Jason Holtzleiter, )
Greenwood Police Department, et. al., )
    Defendant(s), )

Complaint For Violations of Civil Rights § 1983

I.      Parties To This Complaint

A. The Plaintiff(s),
Dustin T. Chadwick
No. 172366
Hendricks County Jail
189 E. Campus Blvd., P.O. Box 87
Danville, IN 46122

-1-

B. The Defendant(s),

   i. Zane Hennig
      Sheild Number (unknown)
      Greenwood Police Officer
      186 Suring Way                __Individual Capacity
      Greenwood, IN 46143        Official Capacity

   ii. Jason Holtzleiter
      Sheild Number (unknown)
      Greenwood Deputy Chief
      186 Suring Way                __Individual Capacity
      Greenwood, IN 46143        Official Capacity

C. Complaint with Jury Trial Demand

## II. Introduction

This is a civil rights action filed by Dustin T. Chadwick for damages and injuctive relief under 42 U.S.C. § 1983, alleging excessive use of force, false arrest, wrongful incarceration, color of law in violation of the Fourth Amendment to the United States Constitution; Eighth Amendment to the United States Constitution.

The plaintiff also alleges the State Tort of unprofessional conduct, assault and battery, animal cruelty resulting in death, criminal wrecklessness, negligence, conduct unbecoming an officer rule 2.34 and harmony and cooperation rule 4.14, in which is attached as exhibit (A) with States response.

III. Basis For Jurisdiction

A. The Court has jurisdiction over plaintiff's claim of violation of federal constitutional rights under 42 U.S.C. § 1331(1) and § 1343.

B. The Court has supplemental jurisdiction over plaintiff's state law tort claim under 28 U.S.C. § 1367 and § 2680(h).

C. State or Local Officials such as law enforcement officers under a 42 USC § 1983 claim.

D. <u>Defendant No. i.</u> - Greenwood Police Officer, Zane Hennig, acted under color of law while employeed by the Greenwood Police Department ("G.P.D.") and while acting in his official/individual capacity exercising his responsibilities as a police officer to state law. see <u>West v. Atkins</u>, 487 US 42, 50; 108 S.Ct. 2250 (1988); see <u>Monroe v. Pape</u>, 365 U.S. 167, 184; 81 S.Ct. 473 (1961); see also <u>Zambrana-Marrero v. Suarez-Cruz</u>, 172 F.3d 122, 126 (1st Cir. 1999).
The color of law requirement of a § 1983 is generally the same as the requirement of "state action" that must be shown to prove a violation of the Fourteenth Amendment and the two terms are often used interchangeably.

E. <u>Defendant No. ii.</u> - Deputy Chief, Jason Holtzleiter, acted under color of state law while employeed with the Greenwood Police Department ("G.P.D.") and while acting in his official capacity and individual capacity exercising his responsibilities as a Deputy Chief to state law. see <u>West v. Atkins</u>, 487 US 42, 50;

-3-

108 S.Ct. 2250 (1988); see *Monroe v. Pape*, 365 U.S. 167, 184; 81 S.Ct. 473 (1961); see also *Zambrana-Marrero v. Suarez-Cruz*, 172 F.3d 122, 126 (1st Cir. 1999).

The color of law requirement of a §1983 is generally the same as the requirement of "state action" that must be shown to prove a violation of the Fourteenth Amendment and the two terms are often used interchangeably.

Ordinance No. 93-3, 14-27(j) provide that any police officer may be disciplined for any reason authorized by Ind. Code 36-8-3-4, as amended, by this Ordinance, as amended, or by department rules and regulations existing at the time of the act constituting the alleged offense.

IV.

### Free Law Biden Citizen and/or Civilian Status

A. At the time and place of this incident that took place, plaintiff, Dustin T. Chadwick, was a free law biden citizen and/or civilian. He, the plaintiff, was residing at his home, being, 180 Suncrest Drive, Greenwood, IN 46143, working a job, married, raising his children and (2) two dogs. Plaintiff has lost everything due to this incident. Sustained an unlawful arrest, assault and battery and was locked up without any probable cause.

B. Plaintiff is now incarcerated at the Hendricks County Jail as a pre-trial detainee for a seperate incident that is not related to any of the above cause of action.

-4-

## V. Statement of Claim

Giving rise to plaintiff's claim that arose "outside" of an institution these are the facts of the case:

A. That on "Mother's Day Weekend", May 13th, 2023, around 10:30pm at the plaintiff's residence 180 Suncrest Drive, Greenwood, IN 46143 plaintiff had just arrived home from visiting his father and was sitting in the driveway in his vehicle waiting for his wife to arrive home from work.

B. This was a Saturday evening and the plaintiff had decided to lite a firework to celebrate and in which is not a criminal action nor against the law, so he did.

C. After liting the firework a short time later plaintiff noticed a police vehicle coming down the street but did not think that it was because of the firework or coming to his residence.

D. This police vehicle did stop at the plaintiff's residence and it was a Greenwood Police Officer later identified as, Defendant No. 1., Zane Hennig with the Greenwood Police Department and with no emergency lights displayed.

E. As plaintiff continued to sit in his vehicle, after lighting the firework, he noticed Defendant exit his police vehicle and start onto the plaintiff's property. Plaintiff then exited his vehicle to speak with the officer to see why he had come to the plaintiff's residence. The plaintiff had not been pulled over.

F. At this time these are the statements between the Plaintiff and Defendant No. 1., "verbatim":

1. Defendant, stated verbatim, why the fuck you approaching me like this, cussing at me.

2. Plaintiff, stated verbatim, to see why you have come to my house.

3. Defendant, stated verbatim, that I received a call for a disturbance.

4. Plaintiff, stated verbatim, there is no disturbance here.

5. Defendant, stated verbatim, are we gonna have a mother fucking problem.

6. Plaintiff, stated verbatim, No.

7. Defendant, stated verbatim, then you better shut the fuck up.

G. After the Defendant began cussing at me and continued to be insolent and vulgar plaintiff became threatened, intimidated, and scared. Plaintiff did not pose any suspision that would've indicated to the Defendant of any criminal activity. see Woods v. State, 514 N.E. 2d 1277 (Ind. Ct. App. 1987)

H. Plaintiff "walked away" and proceeded to go into his home as he had committed no criminal action and had every right to walk away. see Miller v. State, 51 N.E. 3d 313 (Ind. Ct. App. 2016).

-6-

see also <u>Gaddie v. State</u>, 10 N.E. 3d 1249 (S.Ct. 2014) That a report of a disturbance does not give Defendant probable cause for arrest and thus violated Plaintiff's rights under the Fourth Amendment.

I. Once plaintiff walked away and proceeded into his garage to go into his home defendant began grabbing, punching on me trying to take me to the ground. Committing assault and battery on me under Ind. Code 35-42-2-1, and Conduct Unbecoming an Officer Rule 2.34 and Harmony and Cooperation Rule 4.14, committing a level 6 felony one who touches in a rude, insolent, or angry manner.

J. Plaintiff broke free from the Defendant and once again tried to make it into his home when the Defendant drew his firearm and opened fired (2) two shots at me inside my garage, in which could have went through the drywall hitting one of my children, missing me committing criminal wrecklessness under Ind. Code 35-50-1-2, "<u>Shoot first</u>" ask questions later.

K. Plaintiff made it inside his home where his (2) two dogs were barking and awaiting due to their master under attack, and these dogs are very protective to the children, at this time my oldest dog "<u>Beano Chadwick</u>" came out to gaurd his castle, stand his ground, but not to bite the officer, to just get the officer out of the garage and the Defendant again opened fired and shot and killed my dog, committing Animal Cruelity Resulting in Death under Ind. Code 35-46-3-12(d) see also <u>Stubbers v. State</u>, 190 N.E. 3d 424

L. At this time Defendant took off running back to his police vehicle and "then" called for assistance in which they all arrived. The Supervisor, Sergeant K-9 Brandon Cox, with the Greenwood Police Department, arrived on scene and did not know what to do so he notified a higher authority being Defendant No. ii., Deputy Chief, Jason Holtzleiter, who instructed all officers to retrieve the deceased dog and to leave the scene that a warrant would be issued on the plaintiff, for his arrest.

M. A seizure or restraint occurs when officers; by means of physical force or show of authority happens. see State v. Carlson, 762 N.E. 2d 121, 126 (Ind. Ct. App. 2002);
　　i. freedom or movement restrained;
　　ii. threating presence of several officers;
　　iii. display of a weapon;
　　iv. physical touching;
　　v. use of language;

N. Allegations of Defendant No. i., criminal acts were as a matter of law, closely associated with his employment with the Greenwood Police Department as a police officer. see Ramusack v. Swanson, 2005 US Dist. Lexis 34299 (N.D. Ind. Dec. 9th 2005) along with the Defendant, Zane Hennis, being fired from the force for his actions and all charges were dismissed as plaintiff was innocent, under Cause No. 41D02-2306-F5-000055, see exhibit (B) Certificate of the Court.

O. A claim that law enforcement used excessive use of force in the course of an arrest or other seizure is analyzed under the

Fourth Amendment reasonableness standard. see Graham v. Connor, 490 US 386, 394-95; 109 S.Ct. 1865; 104 L.Ed. 2d 443 (1989); see also Forrester v. City of San Diego, 25 F.3d 804, 806 (9th Cir. 1994); Whenever officials stand accused of using excessive use of force or physical force in violation of the constitution; the core judicial inquiry is ... whether force was applied in good-faith effort to maintain or restore discipline, or maliciously and stadistically to cause harm. see Hudson v. McMillian, 503 US 1, 6-7; 112 S.Ct. 995; 117 L.Ed. 2d 156 (1992); see also Watts v. McKinney, 394 F.3d 710, 711 (9th Cir. 2005)

P. An arrest without probable cause violates plaintiff's Fourth Amendment and gives rise to a claim for damages under a §1983. see Borunda v. Richmond 855 F.2d 1384, 1391 (9th Cir. 1988)

Q. Under Miller v. State, 51 N.E. 3d 313 (Ind. Ct. App. 2016) the Defendant(s) "did not" have probable cause for an arrest under the Fourth Amendment even if plaintiff had disobeyed a direct and unambigiguous order from the Defendant to stop, plaintiff could not be subjected to an arrest or a seize based on his failure to obey the order. Investigative Stop for a disturbance without more is not a sufficient basis upon which to conduct an investigatory stop much less an arrest. A jury would find for the plaintiff even if he had refused an order. see Corselli v. Coughlin, 842 F.2d 23, 26-27 (2d Cir. 1988)

R. Defendant No. 11., Deputy Chief, Jason Holtzleiter, violated plaintiff's rights under the Fourth Amendment issuing a warrant or by

-9-

stating that he would have a warrant issued for plaintiff's arrest when there was no criminal action that took place and by a lack of training for his officers to prevent this from happening.

VI.                Injuries and Livelihood

This is also a claim for unjust incarceration under the Unjust Conviction Statute due to the reversal, charges dropped and/or dismissed. Plaintiff received a Certificate of the Court stating that Cause No. 41D02-2306-F5-000055 was dismissed. see Vincin v. U.S. 468 F 2d 930, 933 (Ct. Cl. 1972) see Dethlefs v. U.S., 60 Fed. Cl. 810, 814 (2004) see also Heck v. Humphrey, 512 U.S. 477, 486-87; 114 S. Ct. 2364 (1994) at 489-90

1. Plaintiff, after all this occurred filed a complaint against Defendant, Zane Hennis, with the Greenwood Police Department for assaulting him and killing his dog and he was retailiated with charges being filed warrant for his arrest and incarcerated for a period of (3) three months.

2. Plaintiff states that an assault is an act that is intended to cause, and does cause, a reasonable fear that a battery is about to occur. see Evicci v. Baker, 190 F. Supp. 2d 233, 239 (D. Mass. 2002); see Thomas v. Holder, 836 S.W. 2d 351, 353 (Tex. App. 1992) see also Gutierrez-Rodriguez v.

Cartagena, 882 F.2d at 562, stating supervisory liability for police shooting.

3. Plaintiff states that if battery does not cause physical injury at all, he may still recover nominal damages for the battery itself, compensatory damages for, "the resulting mental disturbance, such as fright, revulsion, or humiliation", and in some cases, punitive damages, Prosser and Keeton on the Law of Torts § 9, at 40-41.

4. Plaintiff has lost his job, time with his children, his home, and his dog.

5. Plaintiff states that his Eighth Amendment was violated to the degree of injury is relevant to the inquiry but does not end it. see Hudson v. McMillian, 503 US 1, at 6-7; accord McHenry v. Chadwick, 896 F.2d 184, 187 (6th Cir. 1990) "Even if the injuries suffered were not permanent or severe", a plaintiff may still recover if the force used was unreasonable and excessive. see Brooks v. Kyler, 204 F.3d 102, 108-09 (3d Cir. 2000)

6. The length of time a pre-trial detainee is subject to adverse conditions of confinement is an important factor in stating a claim. see Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir 2000)

7. Plaintiff has suffered injuries to his hands, arms, shoulders, and neck, however, due to money and insurance he has not seeked any medical treatment, medicines or help. Plaintiff needs medical treatment real bad. Based on the outcome of this

-11-

case plaintiff intends on seeking emergency treatments. Plaintiff now has constant pain and suffering in his hands, arms, shoulders, and neck also suffers frequent migraine headaches now.

## VII.  Relief

1. Plaintiff is requesting a change in the use of force policy, if any, that this does not happen again.

2. This case is not being brought by a prisoner and therefore was not subjected to the Prison Litigation Reform Act (P.L.R.A.) see White v. Thompson, 2007 W.L. 628121 *2-3 (S.D. Ga., Feb. 26th 2007)

3. Plaintiff is seeking compensatory damages due to the harm and injury caused by Defendant(s) violating his rights. see Smith v. Wade, 461 U.S. 30, 52; 103 S.Ct. 1625 (1983); see also H.C. by Hewett v. Jarrard, 786 F.2d 1080, 1088 (11th Cir 1986).

4. Plaintiff's injuries include actual monetary losses like lost wages or the value of destroyed or confiscated property. see Champion v. Outlook Nashville Inc., 380 F.3d 893, 906-07 (6th Cir. 2004); $900,000 for pain and suffering during police abuse that caused a death; affirming $300,000 for past pain and suffering. see Rangolan v. County of Nassau, 370 F.3d 239, 245-47 (2d Cir. 2004), in computing damages, Court should consider evidence of pain, humiliation, emotional

distress, mental anguish, physical injuries that limit plaintiffs ability to work, nightmares, and loss of his house, his job, and his wife. see <u>Wright v. Sheppard</u>, 919 F.2d 665, 669-70 (11th Cir. 1990) see also <u>Kerman v. City of New York</u>, 374 F.3d 93, 125 (2d Cir. 2004) for loss of liberty for a period that the plaintiff spent in wrongful incarceration for police misconduct, such as, embarrassment, even absent such other injuries, an award of several thousand dollars may be appropriate simply for hours, loss of liberty of an individuals life. see <u>Biberdorf v. Oregon</u>, 243 F.Supp. 2d 1145, 1164 (D.Or. 2002), loss of liberty is "broader than 'mere' emotional distress."

5. Plaintiff seeks nominal damages for proving that his rights were in fact violated, but if he cannot prove injuries, he only recovers nominal. see <u>Carey v. Piphus</u>, 435 U.S. at 267 holding nominal damages award if no proof of injury.

6. Plaintiff seeks punitive damages. see <u>Williams v. Kaufman County</u>, 352 F.3d 994, 1015 (5th Cir. 2003) as nominal damages are allowed without proof of injuries, "a punitive award may stand in the absence of actual damages where there has been a constitutional violation." see <u>Jackson v. Austin</u>, 241 F.Supp. 2d 1313, 1319, 1323 (D. Kan. 2003) awarding $15,000 in compensatory damages and $30,000 in punitive damages to plaintiff who was pushed down by three officers, grabbed, dragged about 50 yards on floor causing contusion, swelling of knee, shoulder, and wrist, keeping him in excruciating pain.

7. Plaintiff is seeking the actual amount of inbetween amounts as justified above in the range of $900,000 to $200,000.

-13-

## VIII. Certificate of Service and Closing

I, Dustin T. Chadwick, Plaintiff, do hereby certify that pursuant to Fed. R. Civ. P. 11, to the best of my knowledge, information, and belief that this complaint:

(1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; (4) the complaint otherwise complies with these requirements set forth; and (5) Furthermore, plaintiff agrees to provide this Court and/or Clerk's Office with any and all changes to his address where all case-related papers may be served and I understand that my failure to do so may result in the dismissal of my case.

Dated: 1/29/24

Respectfully submitted,

~~Dustin T. Chadwick~~

Dustin T. Chadwick #172366
Hendricks County Jail
189 E. Campus Blvd; P.O. Box 87
Danville, IN 46122