2240/24-8281.RP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DUSTIN T. CHADWICK, )<br>                            )<br>      Plaintiff, )<br>                            )<br>      v. )<br>                            )<br>ZANE HENNIG Greenwood Police Officer, )<br>JASON HOLTZLEITER Greenwood )<br>Deputy Chief, )<br>                            )<br>      Defendants. ) | Case No.: 1:24-cv-00234-SEB-TAB |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
CLAIMS AGAINST ZANE HENNIG DUE TO HENNIG'S DEATH**

Defendant JASON HOLTZLEITER, by and through one of his attorneys, ROSEMARY L. BOREK, of CLARK, JOHNSON & KNIGHT, LTD., and for his Memorandum in Support of his Motion to Dismiss all claims against ZANE HENNIG due to Hennig's Death, states as follows:

**INTRODUCTION**

The Court screened this case and found that the complaint stated Fourth Amendment claims against City of Greenwood officers Zane Hennig and Jason Holtzleiter and state tort claims of assault and battery against Hennig. It directed the clerk to send each defendant a request for waiver of service at the Greenwood Police Department.

Hennig died before the complaint was filed. He therefore was not served. Nor could he waive service. As a result, the Court never acquired personal jurisdiction over him. Moreover, the Fourth Amendment claim based on unlawful entry onto plaintiff Dustin Chadwick's property did not survive Hennig's death per Indiana's survival statute, Indiana Code § 34-9-3-1. Hennig could not have been individually liable in tort because he was within the scope of his employment

during the subject incident.  Ind. Code § 34-13-3-5.  The remaining Fourth Amendment excessive force claim cannot be directly pursued against a deceased person, and Indiana law does not allow this Court to appoint a special administrator to defend the claim.  Therefore, all claims against Hennig must be dismissed.

## RELAVENT PLEADINGS AND PROCEEDINGS

Chadwick filed his *pro se* complaint on February 2, 2024 naming defendants Zane Hennig, Jason Holtzleiter, and Greenwood Police Department (Dkt. 1).  At the time of filing, Chadwick was incarcerated at the Hendricks County Jail (*id.*, p, 14).  The complaint concerns a confrontation between Chadwick and Hennig on May 13, 2023 (*id.*, p. 5).  The incident began when Hennig approached Chadwick who was sitting in his parked truck on the driveway (*id.*, p. 5 at ¶¶ C-E).  A verbal and physical altercation ensued when Chadwick asked Hennig why he was on Chadwick's property (*id.*, p. 6 at ¶F).  When Chadwick retreated to his garage, Hennig pursued him, tried to take him to the ground, and shot his gun, barely missing Chadwick (*id.*, pp. 6-7 at ¶¶ H-J).  Chadwick broke free and went into the house (*id.*, p. 7 at ¶J).  One of Chadwick's dogs came outside, and Hennig shot and killed the dog (*id.*, p. 7 at ¶K).  Hennig then called for backup, and responding officers contacted deputy chief Holtzleiter (*id.*, p. 8 at ¶L).  He instructed the officers to apply for an arrest warrant which resulted in Chadwick's arrest and incarceration (*id.*).

The Court screened the complaint pursuant to the Prison Litigation Reform Act on April 16, 2024 (Dkt. 9).  It found that the Greenwood Police Department is not a suable entity and that even if the City of Greenwood had been named, the complaint failed to state a claim for violations of constitutional rights against the city pursuant to *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978) (*id.* at 4).  Because a suit against a government employee in his official

capacities is equivalent to a suit against the employing entity, the claims against Hennig and Holtzleiter in their official capacities were dismissed (*id.* at 5).

As to the claims against Hennig and Holtzleiter individually, the Court found that the complaint stated Fourth Amendment claims against both defendants and state law assault and battery claims against Hennig (Dkt. 9 at 5-6). None of the other claims survived screening (*id.*). The Court directed the clerk to issue process to Hennig and Holtzleiter as specified in Rule 4(d) (Dkt. 9 at 6). The Rule 4(d) process documents were sent to each of them at the Greenwood Police Department (Dkts. 9 at 7, 10)

On May 16, 2024, counsel appeared for Holtzleiter, waived service, and filed a suggestion of death concerning Hennig (Dkts. 15-19). No waiver of service has been filed for Hennig. The suggestion of death notified the Court and Chadwick that Hennig died on October 19, 2023 (Dkt. 17).

**ARGUMENT**

The pending claims against Hennig cannot proceed. To begin with, he has not been served nor has he waived service. Therefore, the Court never acquired personal jurisdiction over him, and the claims must be dismissed for failure to serve process pursuant to Rule 12(b)(5). Moreover, the Fourth Amendment unlawful entry claim did not survive Hennig's death. Had he lived, Hennig could not be individually liable in tort pursuant to Indiana Code § 34-13-3-5 for assault and battery because he was within the scope of employment. Chadwick cannot pursue the remaining Fourth Amendment excessive force claim against a deceased person. As a result, the Court must dismiss all claims against Hennig.

    **I.     Hennig has not been served with process.**

Hennig was not served with process. Nor did he waive service. As a result, this Court did not acquire personal jurisdiction over him, and the claims against him must be dismissed pursuant to Rule 12(b)(5).

"A district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process." *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008). However, a defendant can waive service of process pursuant to Rule 4(d). That Rule provides that an individual subject to service has a duty to avoid unnecessary expenses for serving the summons. Fed.R.Civ.P. 4(d)(1). A plaintiff can provide the defendant with notice of the lawsuit and request waiver of service. *Id.* The Rule specifies that the notice must be "sent by first-class mail or other reliable means" to an individual defendant and specifies information that must be contained about the lawsuit and the consequences of waiving or not waiving service. *Id.* A defendant within the United States must be given at least 30 days to waive service. *Id.* If the defendant fails to waive service without good cause, the court must order defendant to pay plaintiff's costs for making service and other reasonable expenses associated with the failure to waive. Fed.R.Civ.P. 4(d)(2).

If, as in this case, the plaintiff is proceeding *in forma pauperis*, the court must order the United States marshal or deputy marshal or another appointed person to serve process. Fed.R.Civ.P. 4(c)(3). A failure by the defendant to waive service obligates the U.S. marshal to proceed with formal service. *See Windom v. Zatecky*, No. 2:21-CV-00304-JPH-MJD, 2022 WL 44652, at *4 (S.D. Ind. Jan. 5, 2022) (directing clerk to send request for Waiver of Service and United States Marshals Service to defendant if necessary and discussing steps to locate defendant if no longer employed); *Jarrard v. Indiana Dep't of Corr.,* No. 3:18-CV-825-PPS-MGG, 2020 WL 2526495, at *2 (N.D. Ind. May 18, 2020), *see also*, *Graham v. Satkoski*, 51 F.3d 710, 712 (7th Cir.

1995) (discussing *Sellers v. United States*, 902 F.2d 598 (7th Cir. 1990) and holding remand was necessary to determine whether USMS made adequate effort to serve defendants who were no longer employed at prison before dismissing case for failure to serve timely process).

If Hennig were alive, Chadwick may have been able to show good cause for not serving him within the 90 days after filing the complaint pursuant to Rule 4(m). *See Graham*, 51 F.3d at 713 (Marshal Service's failure to complete service is automatically good cause to extend the time for service under Rule 4(m). But as discussed below, a deceased individual cannot be a party to a lawsuit and therefore cannot be served with process. This Court never acquired jurisdiction over Hennig, and the claims against him must therefore be dismissed pursuant to Rule 12(b)(5).

### II.     Any Fourth Amendment unlawful entry claim against Hennig abated upon his death.

To the extent the Fourth Amendment claim concerns an alleged unlawful entry onto Chadwick's property by Hennig, the claim against him did not survive his death. Because section 1983 does not address survival of claims after a party's death, 42 U.S.C. § 1988 requires the court to "look to the most closely analogous state law to determine survivability." *Bentz v. City of Kendallville*, 577 F.3d 776, 778 (7th Cir. 2009) (quoting *Bass ex rel. Lewis v. Wallenstein*, 769 F.2d 1173, 1188 (7th Cir.1985)). Federal courts in Indiana therefore look at the section 1983 claim and then determine "which Indiana tort is the most similar, without molding the constitutional claim to fit within the contours of state law." *Id.* The court then decides whether the claim survives pursuant to Indiana's survival statute, Indiana Code § 34-9-3-1. *Id.* The survival statue provides in pertinent part:

If an individual who is entitled *or liable in* a cause of action dies, the cause of action survives and may be brought by or against the representative of the deceased party except actions for:

5

    (1) libel;

    (2) slander;

    (3) malicious prosecution;

    (4) false imprisonment;

    (5) invasion of privacy; and

    (6) personal injuries to the deceased party.

I.C. § 34-9-3-1 (emphasis added).

Chadwick's Fourth Amendment claim against Hennig is based in part on his alleged unlawful entry onto Chadwick's property (Dkt. 1, p. 6 at ¶F). In *Benz*, the plaintiff sued the city of Kendallville, Indiana and city police officers who responded to a call concerning a domestic dispute at his house for Fourth Amendment violations. 577 F.3d at 778. Responding officer Davis saw a fire on the lawn and was told by onlookers that there was a fight inside the house. *Id.* Plaintiff Dr. Bernard Leonelli was standing on the porch. *Id.* Davis instructed Leonelli to come talk to him, but Leonelli shook his head and started walking into the house. *Id.* As Davis continued to approach and Leonelli continued to walk into the house, Davis saw Leonelli reach for something he could not see. *Id.* As a result, Davis went into the house and arrested Leonelli. *Id.* While the case was on appeal, Leonelli died of unrelated causes, and defendants moved to dismiss the appeal. *Id.* at 777-78.

The Seventh Circuit characterized the Fourth Amendment claims as false arrest and unlawful entry. *Id.* at 779. It then considered whether each claim survived per the Indiana survival statute. As to unlawful entry, the personal representative of Leonelli's estate argued that the claim akin to the tort of trespass which survived his death. *Id.* at 781. The defendants contended the claim was similar to invasion of privacy which does not survive. *Id.*

6

The court noted that while the facts alleged could support both torts, the Fourth Amendment implicated privacy interests. *Id.* ("federal law makes clear that the crux of a Fourth Amendment claim of this nature, whether framed as an unlawful search, an unreasonable entry into the home, or other similar action, is invasion of privacy"). It further observed that federal and Indiana courts have "repeatedly recognized, this expectation of privacy is the hallmark of Fourth Amendment analysis." *Id.* The reason protection of a person's home figures prominently in Fourth Amendment cases is the high expectation of privacy there. *Id.* at 782. But because the Fourth Amendment protects persons and not places, a violation can occur without an entry into a home. *Id.* Similarly, something within the home which is knowingly exposed to the public will not be protected. *Id.* The court noted that the tort of invasion of privacy by intrusion had the same privacy focus by requiring the plaintiff to show "an intrusion upon [his] physical solitude or seclusion." *Id.* (quoting *Cullison v. Medley*, 570 N.E.2d 27, 31 (Ind. 1991)). It therefore held that because a claim for invasion of privacy did not survive the death of a party under Indiana Code § 34-9-3-1, the Fourth Amendment unlawful entry claim did not survive. *Id.*

The same result ensues here. Chadwick's Fourth Amendment claim against Hennig is based in part on an allegation that Hennig unlawfully came onto Chadwick's property (Dkt. 1, p. 6 at ¶F). A Fourth Amendment violation of this nature implicates privacy issues and is most analogous to the tort of invasion of privacy which abated upon Hennig's death. *Benz*, 577 F.3d at 782. Indiana's survival statute provides for abatement of certain claims upon the death of either a plaintiff or defendant. I.C. § 34-9-3-1 (provides for abatement when "an individual who is entitled *or liable in* a cause of action dies"); *Camm v. Clemons*, 544 F. Supp. 3d 847, 857–58 (S.D. Ind. 2021) (Fourth Amendment arrest and *Brady* claims against Estate of deceased prosecutor were

7

most closely analogous to the state-law claims of false imprisonment and malicious prosecution and therefore did not survive the death of the prosecutor).

> **III.    Hennig cannot be individually liable in tort for acts within the scope of his employment.**

As set forth in the complaint, Chadwick noticed a Greenwood police car coming down the street (Dkt. 1, p. 5, ¶ C). The car stopped at his house, and the officer later identified as Hennig exited his police vehicle and walked onto Chadwick's property (*id.* at ¶¶ C-E). Chadwick who was sitting in his vehicle got out to ask the officer why he was coming onto the property (*id.* at ¶ E). During the confrontation that ensued, Hennig told Chadwick he was there because he "received a call for a disturbance" (*id.*, p. 6 at ¶ F). Per the complaint, Hennig violated Chadwick's Fourth Amendment rights and various Greenwood police policies and procedures (*id.*, pp. 6-9, ¶¶ G-Q). As pertinent to the assault and battery claims, the complaint alleges that as Chadwick walked away into his garage, Hennig "began grabbing, punching on [sic] me, trying to take me to the ground" (*id.*, p. 7. ¶ I). When Chadwick broke free, he contends that Hennig drew his firearm and shot at him twice and then shot and killed his dog (*id.* at ¶¶ J, K).

Assuming these allegations to be true, Hennig was within the scope of his employment during the incident in which he allegedly assaulted and battered Chadwick. He therefore cannot be individually liable in tort. The Indiana Tort Claims Act (ITCA) provides immunity to governmental employees acting within the scope of their employment. Ind. Code § 34-13-3-5(b); *Ball v. City of Indianapolis*, 760 F.3d 636, 644-45 (7th Cir. 2014); *Bushong v. Williamson*, 790 N.E.2d 467, 472 (Ind. 2003). The scope of employment immunity has been described as "substantial." *Bushong*, 790 N.E.2d at 472. "The purpose of immunity is to ensure that public employees can exercise their independent judgment necessary to carry out their duties without threat of harassment by litigation or threats of litigation over decisions made within the scope of

8

their employment." *Ball v. Jones*, 52 N.E.3d 813, 820 (Ind. Ct. App. 2016) (quoting *Celebration Fireworks*, 727 N.E.2d at 452).

"[C]onduct . . . of the same general nature as that authorized, or incidental to the conduct authorized," is within the employee's scope of employment." *Celebration Fireworks v. Smith*, 727 N.E.2d 450, 453 (Ind. 2000) (quoting *Restatement (Second) of Agency* § 229 (1958)). An act is incidental to authorized conduct when it "is subordinate to or pertinent to an act which the servant is employed to perform," *id.,* (*quoting Restatement (Second) of Agency* § 229 cmt. B (1958)), or when it is done "to an appreciable extent, to further his employer's business." *Id.* (quoting *Kemezy v. Peters*, 622 N.E.2d 1296, 1298 (Ind. 1993)). "Even criminal acts may be considered as being within the scope of employment if the criminal acts originated in activities so closely associated with the employment relationship as to fall within its scope." *Wynn v. City of Indianapolis*, No. 1:20-CV-1638-JMS-MJD, 2022 WL 1120490, at *25 (S.D. Ind. Apr. 14, 2022) (quoting *Bushong*, 790 N.E.2d at 473) (internal quotations omitted). An act is authorized even if done negligently or with an improper motive. *Reiner v. Dandurand*, 33 F. Supp. 3d 1018, 1032 (N.D. Ind. 2014).

Hennig was within the scope of his employment when he allegedly assaulted and battered Chadwick. Investigating a call for a "disturbance" is a police function. *See id.* (pulling someone over and arresting him were within the scope of the officer defendants' employment). Likewise, use of force during an arrest or subduing a non-cooperative subject is at least incidental to acts authorized by the officer's employment. *See Todero v. Blackwell*, 383 F. Supp. 3d 826, 841–42 (S.D. Ind. 2019) (parties agree that individual officers who tased decedent and otherwise participated in incident were in the scope of employment and therefore could not be individually liable in tort). Therefore, the state law assault and battery claims against him are not viable.

9

### IV. Hennig cannot be sued because he died before Chadwick filed suit.

The remaining claim not subject to dismissal due to abatement or for failure to state a claim is the Fourth Amendment excessive force claim. However, that claim (and any other viable claim) cannot be pursued against Hennig, a deceased individual.

Hennig died approximately four months prior to Chadwick filing his complaint. A deceased person cannot be a party to a lawsuit. *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 950 (9th Cir. 2020) ("[A] dead person . . . . cannot sue, be sued, or be joined to a lawsuit."); *see also*, *Atkins v. City of Chicago*, 547 F.3d 869, 871 (7th Cir. 2008) (after one of the plaintiffs died, his attorney no longer had a client on whose behalf he could file a motion); *Shannon v. Hubbert*, No. 3:21-CV-221-RLM-MGG, 2021 WL 1907213, at *1 (N.D. Ind. May 12, 2021) ("Mr. Shannon can't proceed against an individual who is deceased"). A suit brought against a defendant who was deceased when suit was filed is a "nullity." *LN Mgmt., LLC*, 957 F.3d at 951 (quoting *Chorney v. Callahan*, 135 F. Supp. 35, 36 (D. Mass. 1955)). The *LN Management* court held that "'a party cannot maintain a suit on behalf of, or against, or join, a dead person, or in any other way make a dead person (in that person's own right, and not through a properly-represented estate or successor) party to a federal lawsuit." *Id.* at 955. A plaintiff must sue the legal representative of the estate and the estate itself. *Id.* at 956. The court further discussed the due process implications to the deceased party's heirs if they do not receive adequate notice and an opportunity to defend and found that proceeding against a dead person would not produce the necessary adversarial positions for an Article III case and controversy. *Id.* at 954-55. Finally, the court observed that all Courts of Appeals appear to agree that a deceased person cannot be sued:

> [T]he consensus of our sister courts is unanimous: you cannot sue a dead person. Indeed, most of these cases take that point nearly for granted.

*Id.* at 951.

When Chadwick filed suit on February 2, 2024, Hennig had already died. He therefore cannot rely on substitution pursuant to Rule 25(a) cannot save the claims against Hennig. That Rule provides:

> Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Multiple courts have held that substitution due to death of a party pursuant to Rule 25(a) is not available if the defendant died before suit was filed. *LN Management*, 957 F.3d at 954 (collecting cases); *Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969); *Royles v. SJG Acquisition*, No. CV 23-01384 (MAJ), 2024 WL 2188839, at *3 (D.P.R. May 15, 2024); *Cifizzari v. Town of Milford*, No. 4:22-CV-40139-MRG, 2024 WL 869149, at *2 (D. Mass. Feb. 29, 2024) ("Federal courts have consistently held that Rule 25(a)(1) only applies to parties—that is, defendants that have been served with a complaint and then died after service.") (internal quotations omitted); *Porter v. Washington*, No. 1:22-CV-311, 2022 WL 2037942, at *6 (W.D. Mich. June 7, 2022); *Washington v. Baltimore Police Dep't*, 457 F. Supp. 3d 520, 544 (D. Md. 2020) (collecting cases); *Deleon-Reyes v. Guevara*, No. 18-CV-01028, 2019 WL 1200348, at *1 (N.D. Ill. Mar. 14, 2019); *Stanley v. Kenney on Behalf of Est. of Kenney*, No. 87 C 10822, 1988 WL 48240, at *1 (N.D. Ill. May 9, 1988).

Even if Chadwick could have availed himself to Rule 25(a), any future motion to substitute a proper successor would be untimely. The suggestion of death was filed on May 16, 2024. The 90 days for Chadwick to move to substitute a representative expired on August 14. Because he failed to file a timely motion to substitute, his claims against Hennig must be dismissed. *See Sharif*

*v. Funk,* No. 15 C 10795, 2020 WL 3545617, at *9 (N.D. Ill. June 30, 2020) (dismissing claim against deceased defendant when plaintiff did not file a timely motion to substitute defendant's estate); *Klein v. Wexford Health Sources, Inc.*, No. 16 C 8818, 2019 WL 2435850, at *1, *6 (N.D. Ill. June 11, 2019) (same).

Indiana law does not allow Chadwick to sue Hennig or this Court to appoint a special administrator to defend the claim against him. "The Federal Rules of Civil Procedure are silent about the proper procedure when an individual dies before a complaint is filed." *Wilber v. City of Milwaukee*, No. 23-CV-951-JPS-JPS, 2023 WL 5672610, at *1 (E.D. Wis. Sept. 1, 2023) (quoting *Deleon-Reyes*, No. 18-CV-01028, 2019 WL 1200348, at *1). Pursuant to 42 U.S.C. § 1988, a federal court can "borrow" provisions of state law to provide a complete remedy under section 1983. *Stewart v. Special Adm'r of Est. of Mesrobian*, 559 F. App'x 543, 548 (7th Cir. 2014); *Ward v. Edgeton*, 59 F.3d 652, 653 (7th Cir.1995). For example, the Seventh Circuit and Illinois district courts have found that a provision of Illinois law allows a court to appoint a special administrator to defend the action with recovery limited to insurance protecting the estate if the action is brought after the death of the decedent but before the expiration of the statute of limitations. *Ward*, 59 F.3d at 653; *Deleon-Reyes*, No. 18-CV-01028, 2019 WL 1200348, at *1; *see also Cifizzari*, 2024 WL 869149, at *2-*3 (finding that Massachusetts Probate Code allowed action against decedent if no personal representative was appointed and other conditions were met). The *Wilbur* court found that there was no analogous provision of Wisconsin law that allowed a federal court to appoint a special administrator to defend a claim against a deceased defendant and that many courts, including some in Illinois, have found that a federal court lacks the power to appoint a special administrator. *Wilber*, 2023 WL 5672610, at *1.

There is no Indiana law under which the pending claim against Hennig can proceed. Pursuant to Indiana Code § 34-9-3-3(b), if suit "is brought after the death of a defendant, then the action is prosecuted as are other claims against the decedent's estate." If there is no estate, a court can appoint a special administrator to defend the claim. Ind. Code § 29-1-10-15; *Pistalo v. Progressive Cas. Ins. Co.*, 983 N.E.2d 152, 155 (Ind. Ct. App. 2012), *trans. denied.* (plaintiff's counsel opened estate for deceased defendant, and court appointed a special representative to serve as defendant). The Indiana Probate Code defines "Court" as a court having probate jurisdiction which a federal court lacks. Ind. Code § 29-1-1-3; *Wilber*, 2023 WL 5672610, at *1. To Holtzleiter's knowledge, no district court in Indiana has appointed a special administrator for the purpose of defending a claim against a deceased defendant.

As a deceased person, Hennig cannot be sued, and this Court cannot appoint a special administrator to defend the claims against him. The Court should therefore dismiss all claims against Hennig.[1]

**CONCLUSION**

For the foregoing reasons, Defendant JASON HOLTZLEITER respectfully requests that the Court dismiss all claims against ZANE HENNIG due to Hennig's death.

---

[1] Hennig was named as a defendant in *Vaught v. Cox, et al.*, cause no. 1:23-cv-01788 before his death. After the case was removed and the remaining defendants filed a suggestion of death, an estate was opened in Johnson Superior court, and a special administrator was appointed (*Vaught* Dkts. 11, 11-1). The district court subsequently granted plaintiff's motion to substitute the special administrator as a defendant pursuant to Rule 25(a)(1) (*Vaught* Dkt. 13). As discussed above, Rule 25(a)(1) substitution is not available here because this case was filed after Hennig's death. Even if it were, the estate was opened, and the special administrator was appointed "for the *sole purpose of* permitting Clyde D. Vaught to proceed with a pending claim against Zane Hennig pursuant to Indiana Code § 29-1-14-1(f)" (*Vaught* Dkt. 11-1) (emphasis added). A separate appointment would be needed to pursue this case. Because Hennig cannot be sued and there is no special administrator to be sued in his place, the claims against him must be dismissed.

        Respectfully submitted,

        CLARK JOHNSON & KNIGHT, LTD.

        */s/ Rosemary L. Borek*
        Rosemary L. Borek
        Attorney No.:   20036-41
        Attorney for Defendant, Jason Holtzleiter

CLARK JOHNSON & KNIGHT, LTD.
11590 N. Meridian Street, Suite 650
Carmel, IN 46032
Phone:  317-844-3830
Email:  rborek@cjklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2024, the foregoing **Memorandum in Support of Motion to Dismiss Claims Against Zane Hennig Due to Hennig's Death** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

The following are those who are currently on the list to receive e-mail notices for this case.

- Rosemary L. Borek, rborek@cjklaw.com, rlowery@cjklaw.com
- Pamela G. Schneeman, pschneeman@cjklaw.com; rlowery@cjklaw.com

**MANUAL NOTICE:**

- Dustin T. Chadwick, 8613 Royal Meadow Drive, Indianapolis, IN 46217

        */s/ Rosemary L. Borek*
        Rosemary L. Borek

CLARK JOHNSON & KNIGHT, LTD.
11590 N. Meridian Street, Suite 650
Carmel, IN 46032
Phone:  317-844-3830
Email:  rborek@cjklaw.com